UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN DALE KILGORE PEPPERS,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-871-PPS-MGG

NEWS CENTER 16, et al.,

Defendants.

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed a complaint alleging local television stations violated his rights under section 1983 by airing false statements about him. Specifically, he claims News Center 16, News Center 22, and Fox 28 News knowingly slandered his name and defamed his character by calling him a "terrorist" on national TV, and they continued to air false statements about him for over 5 days. [DE 1 at 3.]

In reviewing the sufficiency of Peppers' complaint, I am cognizant that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Peppers alleges that three local television stations violated his First Amendment rights by referring to him as a terrorist and spreading false information about him and his criminal case. [DE 1 at 3.] He alleges that, as a result, the public refers to him as "the YouTube Terrorist." [*Id.* at 4.] To state a claim under section 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation and citation omitted). Here, there are no allegations that the defendant television stations are state actors or acted under color of state law. *See Gluck v. WNIN Tri-State Public Media, Inc.*, 879 F.Supp.2d 999, 1005 (S.D. Ind. 2012) (dismissing section 1983 claim against defendants, including a television station, where there was no allegation they were acting under the color of state law). Therefore, Peppers cannot proceed on a First Amendment claim against them.

Peppers also asserts a state law claim of defamation. For a defamation claim under Indiana law, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007). It is well-settled that members of the public have a right of access to criminal proceedings, and criminal proceedings are a matter of public concern. *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). "Both a public figure and a private individual bringing a defamation action over a matter of public or general concern must prove by clear and convincing evidence that the defendant made

the alleged defamatory statement with 'actual malice.'" *Shine v. Loomis*, 836 N.E.2d 952, 958 (Ind. Ct. App. 2005) (quoting *Journal-Gazette Co. v. Bandido's Inc.*, 712 N.E.2d 446, 452 (Ind. 1999)). "Actual malice, as an element of the tort of defamation, exists when the defendant publishes a defamatory statement with knowledge that it was false or with reckless disregard of whether it was false or not." *Shine*, 836 N.E.2d at 958 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). Reckless disregard requires more than mere negligence, "[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

Peppers alleges that the news stations' characterization of him as a terrorist and the statements made about him and his case are false. He alleges the statements were false because "at the time I had [z]ero [c]harges and [e]ven now only have a single charge of 'Intimidation' which was illegally filed." [DE 1 at 3.] There is nothing in the complaint to suggest that the news stations were aware that the criminal charges were false, or that they otherwise acted with reckless disregard to the truth of the news stories. Therefore, as the complaint is currently worded, Peppers cannot proceed on a state law claim of defamation.

Although the complaint does not presently state a valid claim, I will grant Peppers an opportunity to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022-23 (7th Cir. 2013). However, Peppers should only file an amended complaint if he can address the deficiencies set forth in this order. This means that he must describe the Defendants' statements and the context in which they were

3

made, and must also explain why he believes that they acted with actual malice. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the jail law library. He must put the cause number of this case (which is on the first page of this order) on the first page of the amended complaint, and he should organize his narrative in numbered paragraphs.

For these reasons, the Court:

(1) GRANTS Robin Dale Kilgore Peppers until December 3, 2018, to file an amended complaint; and

(2) CAUTIONS Robin Dale Kilgore Peppers that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on: November 6, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT