UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN D.K. PEPPERS,

    Plaintiff,

    v.

NEWS CENTER 16, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-871-PPS-MGG

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed an amended complaint. ECF 5. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Peppers alleges that three news stations defamed him by referring to him as "a terrorist," "extremely dangerous," and "a mad man" based on his criminal charges of intimidation and information from the Mishawaka Police Department. Under Indiana law, for a claim of defamation, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007).

Notably, in a previous order, I found that similar allegations in the initial complaint did not state a claim because Peppers had not alleged facts to suggest that the news stations acted with actual malice. ECF 4. In response, Peppers now alleges that the news stations did not contact him directly to inquire about the facts underlying his criminal charge. However, under Indiana law, "the failure to investigate does not in itself establish malice" for purposes of defamation. *Poyser v. Peerless*, 775 N.E.2d 1101, 1108 (Ind. Ct. App. 2002); *see also Shine v. Loomis*, 836 N.E.2d 952, 959 (Ind. Ct. App. 2005); *Kitco, Inc. v. Corp. for Gen. Trade*, 706 N.E.2d 581, 589 (Ind. Ct. App. 1999).

Peppers also alleges that the news stations defamed him by reporting that Peppers did not appear in court because he was sick. He alleges that this statement was false because his absence in court was the result of a staph infection and a denial of medical treatment. However, based on these allegations, the news stations' report was neither defamatory nor false -- absent truly unusual circumstances, a criminal defendant missing a court hearing due to sickness would not harm his or her reputation, and describing a staph infection as a sickness may be imprecise, but it is not false. In sum, the complaint does not state a claim upon which relief can be granted.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief can be granted.

ENTERED: November 29, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT